IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
MICHAEL R. SMITH, SR.                               CASE NO. 08-10080
    Debtor                                          Chapter 13

CONSERVATORSHIP OF MAGGIE MAE SMITH        PLAINTIFF

VS.                               ADVERSARY PROCEEDING NO. 08-01181-DWH

MICHAEL R. SMITH, SR.                                    DEFENDANT

RESPONSE TO MOTION FOR ABATEMENT

COMES NOW the Conservatorship of Maggie Mae Smith, and in response to the Motion for Abatement filed herein would respectfully submit that same is without merit and should be denied, and in support thereof would show the following:

1.     It is admitted that the Conservatorship asserts a claim for the non-dischargeability of a particular debt that has arisen as a result of the actions of the Defendant in his capacity as a trustee of various trusts of which the ward, Maggie Mae Smith, is the beneficiary. It is further admitted that the issues giving rise to this claim were initially raised in the Chancery Court of Rankin County, Mississippi.

2.     The allegations set forth in paragraph 2 of the Motion for Abatement are denied.

3.     The allegations set forth in paragraph 3 of the Motion for Abatement are denied.

4.     The allegations of paragraph 4 of the Motion for Abatement are denied.

5. It is denied that the Defendant is entitled to an abatement of this adversary proceeding, and it is further denied that the Defendant is entitled to any relief under the circumstances.

6. It is respectfully submitted that the Conservatorship of Maggie Mae Smith has sought an accounting of the funds and property held by the Defendant as trustee of trusts of which the ward, Maggie Mae Smith, is a beneficiary.

7. The Defendant has not provided any type or kind of accounting to reflect the disposition of property he has held for the benefit of the ward.

8. The Defendant has listed the trusts of which the ward is a beneficiary in his Statement of Financial Affairs as property being held for the benefit of another.

9. The Conservatorship has evidence that the Defendant has engaged in self-dealing, and has used the trust funds for his own personal benefit, all to the detriment of the ward.

10. The Conservatorship should be allowed to conduct discovery to determine the extent to which the Defendant has used trust funds for his personal benefit, and thereby deprived the ward of the benefits of the trusts over which the Defendant is trustee.

WHEREFORE, PREMISES CONSIDERED, the Conservatorship respectfully requests that Defendant's Motion for Abatement be denied.

Respectfully submitted this the 16th day of October, 2008.

THE CONSERVATORSHIP OF MAGGIE MAE SMITH

By: _Laura H. Courtney_
LAURA HENDERSON-COURTNEY
ATTORNEY FOR THE
CONSERVATORSHIP OF MAGGIE MAE SMITH

OF COUNSEL:
Laura Henderson-Courtney, MSB No. 2266
Ringer & Simmons
P.O. Box 737
Florence, MS 39073
Telephone: (601) 845-7349
Facsimile: (601) 845-6799

## CERTIFICATE OF SERVICE

    I, Laura Henderson-Courtney, do hereby certify that I have caused to be served this date, via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269

Craig M. Geno, Esq.
Jeffrey K. Tyree, Esq.
Melanie T. Vardaman, Esq.
Harris, Jernigan & Geno, PLLC
P.O. Box 3380
Ridgeland, MS 39158-3380

This the 16th day of October, 2008.

/s/ Laura D. Courtney
LAURA HENDERSON-COURTNEY