# MOZINGO | QUARLES
## PLLC

Highland Village, Suite 278
4500 Interstate 55 North
Jackson, Mississippi 39211
Post Office Box 4587
Jackson, Mississippi 39296-4587
Telephone: (601)812-5885
Telecopier: (601)852-1142

ATTORNEYS AND COUNSELORS AT LAW

www.mozingolaw.com

1016 Louisville Street, Suite 3 (39759)
Post Office Box 1445
Starkville, Mississippi 39760-1445
Telephone: (662)268-5096
Telecopier: (662)324-2576

February 24, 2014

The Honorable Jason D. Woodard
United States Bankruptcy Judge
703 Highway 145 North
Aberdeen, Mississippi 39730

Re:   *Estate of Maggie Mae Smith vs. Michael R. Smith, Sr.*;
       Adversary Proceeding No. 08-01181-JDW

       *In re: Michael R. Smith, Sr.*; Case No. 08-10080,
       United States Bankruptcy Court, Northern Dist. of Miss.,
       MQ File No. 2040/14640

Dear Judge Woodard:

     I am writing in response to David Ringer's letter to you dated February 20, 2014 which we received this morning. Mr. Ringer is correct that Mr. Geno and I did not find the form of his order agreeable and that we proposed an alternative order which Mr. Ringer did not find acceptable.

     Mr. Ringer's letter points out that he does not wish to be bound by the Pre-Trial Order already negotiated in this case. We have requested that he advise us what issues he intends to raise in the Rankin County Chancery Court that are not covered and addressed by the Pre-Trial Order. We have received no response to our request nor any explanation why the fully and freely negotiated Pre-Trial Order should not continue to apply in this case, whether it is heard in this Court or in Rankin County.

     We would also note that if the discovery taken and the Pre-Trial Order entered into in this case does not continue to remain applicable to this case, then we do not see how we can possibly go forward with a hearing in Rankin County in May. We would at least have to propound discovery and receive responses as to what claims were being made in Rankin County, prepare for those claims to the extent they are beyond the discovery responses we already have and then negotiate a pre-trial order in Rankin County Chancery Court which would apply there. If we are confronted with new evidence, witnesses or claims in Chancery Court not already covered by discovery responses and the existing pre-trial order, we are seriously disadvantaged. Moreover, it would allow the Plaintiff's

The Honorable Jason D. Woodard
United States Bankruptcy Judge
February 24, 2014
Page 2

claims to be litigated on a different basis than what is before this Court and has been before this Court for the last year and a half.

Please also note that Paragraph C of our proposed order calls for the partial summary judgment you granted last summer to be binding. This is something about which we specifically asked the Court at the most recent hearing and reflects the Court's response. In stark contrast is the provision in the Plaintiff's order that says, "The partial summary judgment entered in this matter on July 9, 2013 is to be placed before the Chancery Court." (Paragraph C of Plaintiff's Order) This appears to us to be another expression of Plaintiff's attempt to avoid all the proceedings which have gone on in the Bankruptcy Court, including the partial summary judgment. The language "placed before the Chancery Court" has no meaning, or certainly no obvious meaning. At the least, it is equivocal.

We are seriously concerned about being confronted by a trial by ambush in the Chancery Court where we have had no opportunity to discover from or pin down the Plaintiff to what it will present. Defendant has proceeded in good faith in the Bankruptcy Court since Judge Houston reactivated the case, and Plaintiff has participated here too. We respectfully request the Court to reject Plaintiff's order and enter the one Defendant has tendered, or, alternatively, to reassert this Court's jurisdiction over this proceeding and try it on the basis that the parties had agreed to and been bound to.

Should the Court have any questions or want a conference on this matter, we are available.

Sincerely yours,

MOZINGO|QUARLES, PLLC

By: s/James R. Mozingo
James R. Mozingo

JRM/jm
cc: David R. Ringer, Esq. (*Via ECF*)
Craig M. Geno, Esq. (*Via ECF*)